```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

DANIEL W. THOMPSON et al.,    }
                              }
     Plaintiffs,              }
                              }      CIVIL ACTION NO.
v.                            }      06-AR-0883-S
                              }
THE UNITED STATES OF AMERICA, }
                              }
     Defendant.               }
```

**MEMORANDUM OPINION AND ORDER**

Before the court could rule on the motion of plaintiffs, Daniel W. Thompson and Linda G. Thompson ("the Thompsons"), to tax costs against defendant, the United States of America ("the United States"), the parties entered a stipulation for taxation of costs for an amount less than the Thompsons had requested in their motion. Strangely, the Thompsons did not petition for attorneys fees. The court invited the United States to respond to the Thompsons' motion by explaining why its position was substantially justified. Instead, the United States wisely chose to settle the matter. Nevertheless, the court feels compelled to state its reasons for believing that the position of the United States was not substantially justified with respect to the burden of proof at trial, so that the Thompsons' motion would have been granted. The issue is sufficiently important to justify an opinion even if the United States would prefer otherwise.

The Thompsons filed suit against the United States on May 5,

2006, seeking a refund of taxes paid for the tax years 1993 through 1998 in connection with their horse breeding, training, and showing operation known as "White Oak Ranch." On their tax returns for each of the years in question, the Thompsons claimed "farming activity" business losses on their Schedule F forms. Between 2002 and 2003, the United States assessed $41,962.00 in past due federal income taxes and $35,088.00 in interest and penalties against the Thompsons. The United States' demand for payment was based on its contention that White Oak Ranch was an expensive hobby, not a for-profit business. After paying $77,050.00 in claimed back taxes, interest and penalties, the Thompsons filed a claim for refund with the IRS and subsequently filed this action. On September 27, 2007, in accordance with a jury's verdict that the Thompsons are entitled to a full refund, the court entered final judgement in favor of the Thompsons for $77,050.00 plus interest.

26 U.S.C. § 7430(a)(2) provides that the "prevailing party" in a tax refund case brought against the United States may be awarded a judgment for "reasonable litigation costs incurred in connection with such court proceeding." However, "[a] party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). "A position that is 'substantially justified' is one that is justified to a reasonable degree that could satisfy a

reasonable person or that has a reasonable basis in both law and fact." *Wilkes v. United States*, 289 F.3d 684, 688 (11th Cir. 2002). The "position of the United States" is the government's "in-court litigating position." *Ewing & Thomas, P.A. v. Heye*, 803 F.2d 613, 615 (11th Cir. 1986); *see also Autrey v. United States*, 889 F.2d 973, 989 (11th Cir. 1989) (noting that "the 'position' of which the reasonableness must be judged is solely that taken in the civil litigation"). As the language of the statute makes clear, the United States bears the burden of proving that its position was substantially justified.

In this case, the burden of proof was an issue of central importance and considerable disagreement between the parties. The Eleventh Circuit pattern jury instruction for tax refund suits where the primary issue is whether a particular activity is a business or hobby states, "[t]he Government has the burden of proof on this issue and must persuade [the jury], by a preponderance of the evidence, of the correctness of its position." Eleventh Circuit Pattern Jury Instructions: Civil 10.4 (2005). Quarreling with this pattern instruction, the United States filed a motion *in limine* arguing, *inter alia*, that the pattern instruction is incorrect because it improperly places the burden of proof on the United States. In support of its argument, the United States cited one Supreme Court case, *United States v. Janis*, 428 U.S. 433 (1976), and one statute, 26 U.S.C. § 183(d). In its opposition to the

United States' motion *in limine*, the Thompsons pointed out that the Eleventh Circuit pattern instruction is supported by 26 U.S.C. § 7491, which shifts the burden of proof to the government after the taxpayer, among other things, introduces "credible evidence with respect to any factual issue." The court reserved judgment on the burden of proof issue until both parties had rested and all evidence had been received.

As expected, the parties' submitted conflicting proposed jury instructions on the burden of proof issue. The Thompsons' proposed jury instruction tracked the language of § 7491(a)(1); however, the United States' proposed instruction was based exclusively on § 183(d). The parties' dispute on this issue boiled down to a question of which statute supplies the proper burden of proof rule, § 7491 or § 183. In the court's judgment, the United States failed to appreciate the existence and importance of § 7491 and, in so doing, adopted an unreasonable and indefensible position that was not substantially justified.

Before the enactment of § 7491 in 1998, the burden of proof in a tax refund suit was generally on the taxpayer.[1] In *United States v. Janis*, 428 U.S. at 440, a case cited repeatedly by the United States, the Supreme Court noted that "[i]n a refund suit[,] the taxpayer bears the burden of proving the amount he is entitled to

---

[1] Even after the enactment of § 7491, the burden of proof is still initially on the taxpayer.

4

recover." *See also Helvering v. Taylor*, 293 U.S. 507, 514-15 (1935) ("Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid."); *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932) ("The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him."); *Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985) ("[T]he burden of proof is on the taxpayer to show that the Commissioner's findings were erroneous."). Indeed, as noted by the Court of Federal Claims in *Cook v. United States*, 46 Fed. Cl. 110, 116 n.15 (Fed. Cl. 2000), the rule placing the burden of proof on the taxpayer may have had its "genesis as early as 1836, when the Supreme Court recognized the existence of a right of action against a Collector of Customs for a refund of duties illegally assessed and paid under protest." (*citing Elliot v. Swartwout*, 35 U.S. (10 Pet.) 137 (1836)).  Therefore, it is clear that the rule placing the burden of proof on the taxpayer in a tax refund suit has a firm foundation in federal jurisprudence. In other words, if § 7491 did not exist, the position taken by the United States with respect to the burden of proof in this case would have been entirely justified.

As exemplified by its proposed burden of proof jury instruction, the United States argued that the Thompsons could only shift the burden to proof to the United States if they met the

requirements of § 183(d), which provides for a presumption of profitability if certain conditions are met. Specifically, as it relates to horse operations, § 183(d) provides that if the gross income derived from the horse activity for at least 2 out of 7 consecutive taxable years exceeds the deductions, the activity shall be presumed to be engaged in for profit unless the United States establishes to the contrary. There is some pre-§ 7491 authority to suggest that § 183(d) acts to shift the burden of proof to the United States if the taxpayer can satisfy its requirements. *See Falconer v. United States*, 748 F.2d 890, 894 (4th Cir. 1984) ("Once the taxpayer has established that the requisite number of profit years has been met, the burden of proof shifts to the Secretary to 'establish to the contrary.'"). *But see Moore v. C.I.R.*, 85 T.C. 72, 113 (T.C. 1985) (noting that § 183(d) does not function to shift the burden of proof). However, § 183(d) does not **create** a burden of proof; it only functions, arguably, to **shift** the common law burden of proof recognized in *Janis* from the taxpayer to the United States. Therefore, if a statute is enacted, as § 7491 was in 1998, that provides taxpayers with another method of shifting the burden of proof to the government, a taxpayer can succeed in shifting the burden of proof despite failing to meet the requirements of § 183(d).[2]

---

[2] For purposes of deciding whether the United States' position was substantially justified, the court is not required to determine whether § 183(d)'s putative burden-shifting function survives the enactment of § 7491.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3001(a), 112 Stat. 685, 726-27 (1998) ("the Act"), Congress explicitly undertook to provide taxpayers with a statutory escape hatch from the long-standing common law burden of proof rule. *See* H.R. REP. NO. 105-599, at 238 (1998) (Conf. Rep.) (noting that the presumption of IRS correctness and accompanying burden of proof on the taxpayer under present law is "judicially based"). Specifically, the Act provides, in language now codified in § 7491, that if a taxpayer "introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed . . . the Secretary shall have the burden of proof with respect to that issue." Pub. L. No. 105-206, § 3001(a). Therefore, the Act provides a new set of burden of proof rules for court proceedings involving tax examinations commencing after the Act's July 22, 1998 date of enactment. See H.R. REP. NO. 105-599, at 241. Under the new burden of proof regime, a taxpayer in a tax refund case can both shift the burden of proof to the United States by meeting the requirements of § 7491 and gain a presumption of profitability by meeting the requirements of § 183(d).

The United States' position at trial that *Janis* and § 183(d) exclusively supplied the burden of proof rules in this case was not

---

However, the court notes that a taxpayer cannot succeed in establishing a presumption of profitability under § 183(d) without also, in so doing, introducing "credible evidence" under § 7491(a)(1).

reasonable and cannot be justified in light of the plain language of § 7491 and precedent recognizing its effect. *See, e.g., Thompson v. C.I.R.*, 499 F.3d 129, 133 (2nd Cir. 2007) (noting that § 7491 "reallocated" the burden of proof); *Interex, Inc. v. C.I.R.*, 321 F.3d 55, 58 (1st Cir. 2003) (noting that the burden shifts to the government once a taxpayer introduces credible evidence); *Bone v. C.I.R.*, 324 F.3d 1289, 1293 n.5 (11th Cir. 2003) (recognizing that § 7491 shifts the burden of proof to the United States under certain circumstances).

Even though the United States never cited § 7491 in its motion *in limine* or its proposed burden of proof jury instruction, it did seek to mitigate its impact during the jury charge conference. Specifically, the United States argued that § 7491(a)(1) does not apply to this case because § 183(d) provides a more specific burden of proof rule. This argument is based on § 7491(a)(3), which provides that § 7491's general burden of proof rule (the credible evidence rule) shall not apply if some other provision of the title "provides for a specific burden of proof with respect to such issue." As explained above, the United States' argument that § 183(d) provides a burden of proof has no foundation in the plain language of § 183(d) or its precedent. The long-standing rule placing the burden of proof on the taxpayer is a creature of common law, not a statute. The United States' position is further undermined by the fact that the Internal Revenue Code contains

numerous provisions that provide for specific burden of proof rules by actually using the phrase "burden of proof." *See, e.g.*, 26 U.S.C. § 7454(a) (fraud); 26 U.S.C. § 6902(a) (transferee liability); 26 U.S.C. § 162(c)(1) (illegal payments to government officials); 26 U.S.C. § 280G(b)(2)(B) (golden parachute payments); 26 U.S.C. § 877(f) (expatriation). Suffice it to say, Congress knows how to use the phrase "burden of proof" if it desires to create a specific rule. In any event, § 183(d) is, at best, a burden-shifting statute, not a burden-creating statute. Thus, § 183(d) does not fall within the § 7491(a)(3) exception.

The United States also argued that even if § 7491(a)(1) does apply, the jury should decide whether the Thompsons introduced sufficient credible evidence to shift the burden of proof. While it is true that credibility determinations should ordinarily be made by the jury as the trier of fact, § 7491's legislative history suggests that Congress merely intended to place a burden of production on the plaintiff taxpayer. Specifically, the conference committee noted that "[c]redible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue **if no contrary evidence were submitted** (without regard to the judicial presumption of IRS correctness)." H.R. REP. No. 105-599 at 240-41 (emphasis added); *see also Griffin v. C.I.R.*, 315 F.3d 1017, 1021 (8th Cir. 2003) (adopting the definition of "credible evidence"

contained in the conference report). The conference report goes on to note the following:

> A taxpayer has not produced credible evidence for these purposes if the taxpayer merely makes **implausible factual assertions, frivolous claims, or tax protestor-type arguments**. The introduction of evidence will not meet this standard if the court is not convinced that it is worthy of belief. If after evidence from both sides, the court believes that the evidence is equally balanced, the court shall find that the Secretary has not sustained his burden of proof.

H.R. REP. NO. 105-599 at 241 (emphasis added). This language suggests that the burden placed on the taxpayer is not particularly onerous. In other words, once the court determines that the taxpayer's evidence, when viewed in isolation, amounts to something more than "implausible factual assertions, frivolous claims, or tax protestor-type arguments," the burden of proof shifts to the United States. *See Blodgett v. C.I.R.*, 394 F.3d 1030, 1035 (8th Cir. 2005) (noting that "[t]he question of whether a taxpayer produced evidence sufficient to shift the burden of proof to the [United States] under 26 U.S.C. § 7491 is a legal one"). Indeed, the IRS's own Internal Revenue Manual notes that § 7491(a) places "the burden of production on the taxpayer" but, if the burden of production is met, shifts the burden of proof to the United States to show that its assessment of tax liability is correct. INTERNAL REVENUE MANUAL § 8.6.1.3.5, *available at* http://www.irs.gov/irm/part8/ch05s01.html.

The position taken by the Internal Revenue Manual is

consistent with the annotation that follows Eleventh Circuit Pattern Jury Instruction: Civil 10.1, which notes as follows:

> The Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, effective July 22, 1998, amended 26 USC § 7491 to provide that in any court proceeding, and subject to certain stated conditions, when "a taxpayer introduces credible evidence with respect to any factual issue … the Secretary shall have the burden of proof with respect to such issue." 26 USC § 7491(a)(1). This instruction has been formulated on the assumption that the preliminary burden shifting decision as to whether "credible evidence" has been produced by the Plaintiff is a decision that will be made by the Court, not the jury. Otherwise, the Court will have entered judgment against the Plaintiff as a matter of law pursuant to Federal Rule of Civil Procedure 50. In terms of trial procedure, the Plaintiff should probably be required to go forward first in making opening statement and presenting evidence. Then, if the Plaintiff's case survives a Rule 50 motion, the Defendant will take on the burden of persuasion and should proceed with the evidence. The Defendant, arguably, should also gain the right to open and close the jury arguments, and the jury should then be instructed, simply, that the Defendant has the burden of proof.

In other words, a taxpayer who has provided sufficient evidence to allow a reasonable jury to find in his or her favor will have met the § 7491(a)(1) burden of production by having introduced "credible evidence." At trial, the Thompsons easily survived the United States' Rule 50 motion for judgment as a matter of law. Accordingly, the Thompsons met their burden of production and effectively shifted the burden of proof to the United States, as the court instructed the jury before closing arguments. In short, the court followed the procedure outlined by the annotation to Eleventh Circuit

Pattern Instruction 10.1, which is consistent with the relevant statutory language, legislative history, and the IRS's own published guidance.

In accordance with the foregoing, the court finds that the United States' position during this litigation with respect to the burden of proof was not substantially justified. As explained above, the court's finding is based on the United States' totally unreasonable interpretation of the relevant statutes. *See Wilkes*, 289 F.3d at 688-89 (affirming district court's decision to award attorney fees to plaintiff on the basis that the government's interpretation of relevant tax statute was not "substantially justified" given clear language of statute, even though the statutory construction issue was one of first impression, as it is in the instant case); *In re Rasbury*, 24 F.3d at 168 (upholding district court's decision to deny motion to award costs and attorney fees on the basis that the government's position with respect to the burden of proof was "substantially justified").

**Conclusion**

For the foregoing reasons, the Thompsons' motion to tax costs would have been granted if the matter had not been settled before this opinion had been rendered. In accordance with the parties' stipulation, costs are taxed against the United States in the amount of $3,617.00.

DONE this 1st day of November, 2007.

                                _____
                                WILLIAM M. ACKER, JR.
                                UNITED STATES DISTRICT JUDGE